IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Nicholas Boan, ) | Civil Action No.: 2:11-cv-02078-RBH |
| a/k/a Nicholas James Boan, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Warden of Lee Correctional Institution, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Petitioner, a state prisoner proceeding *pro se*, initiated this suit by filing his Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus on August 8, 2011. [§ 2254 Petition, Doc. # 1.] This matter is now before the Court with the Report and Recommendation ("R&R") of United States Magistrate Judge Bruce Howe Hendricks[1] filed on July 31, 2012. [R&R, Doc. # 29.] In her R&R, the magistrate judge recommends that Respondent's Motion for Summary Judgment [Doc. # 21] be granted and that a certificate of appealability be denied. Petitioner timely filed objections to the R&R. [Obj., Doc. # 31.]

**<u>Background</u>**[2]

On May 21, 2004, Petitioner was convicted by a jury of one count of criminal sexual conduct with a minor and two counts of committing or attempting a lewd act upon a child. Petitioner was sentenced to twenty years of incarceration on the charge of first degree criminal sexual conduct with a minor, to run concurrently with a fifteen-year sentence for the first count of committing or

---

[1] This matter was referred to Magistrate Judge Hendricks pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, D.S.C.

[2] The facts and procedural background, with citations to the record, are more thoroughly discussed in the magistrate's R&R. [*See* R&R, Doc. # 29, at 1–10.]

attempting a lewd act upon a child. Petitioner also received a ten-year sentence, to run consecutively with the other two sentences, on the second count of committing or attempting a lewd act upon a child.

Petitioner appealed his case to the South Carolina Court of Appeals, where, in a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), appellate counsel asked to be relieved and argued that the trial court erred in allowing the state to consolidate indictments involving separate victims. In his *pro se* brief, Petitioner alleged numerous other grounds for appeal. In an unpublished opinion filed on April 11, 2006, the court dismissed Petitioner's appeal and granted counsel's petition to be relieved. After denying a request for rehearing, the South Carolina Court of Appeals issued the remittur on August 4, 2006.

On July 14, 2006, Petitioner filed an application for post-conviction relief ("PCR"), alleging several grounds, which was dismissed on July 26, 2007. Petitioner's PCR appellate counsel filed a petition for writ of certiorari to the South Carolina Supreme Court pursuant to *Johnson v. State*, 294 S.C. 310, 364 S.E.2d 201 (1988). In the *Johnson* petition, counsel raised the issue of whether the PCR judge erred in refusing to find counsel ineffective for failing to correct a discrepancy that occurred when the judge announced a twenty-year sentence, yet the sentencing sheet reflected a thirty-year sentence. In a *pro se* response to the *Johnson* petition for certiorari, Petitioner lodged numerous arguments.

On October 22, 2009, the Supreme Court of South Carolina granted the petition for writ of certiorari. In an Order filed July 12, 2010, the Supreme Court of South Carolina reversed the PCR judge's denial of relief and remanded the case for re-sentencing on the offense of first degree criminal sexual conduct with a minor. On August 13, 2011, the lower court entered an amended

sentencing order, whereby Petitioner's sentence was amended to reflect the oral sentence issued following Petitioner's trial on the indictment: twenty years.

On August 8, 2011, Petitioner filed his § 2254 Petition raising the following issues:

**Ground One:** Conflict of interest/extrinsic fraud.

**Ground Two:** Constructive fraud by trial judge.

**Ground Three:** Manufactured indictments.

**Ground Four:** False testimony by a state expert.

**Ground Five:** Prosecutorial misconduct.

**Ground Six:** Abuse of discretion by trial judge on motion for directed verdict.

**Ground Seven:** Abuse of discretion by trial judge for not allowing medical, which if allowed would have shown that purported injury was an injury prior to supposed crime.

**Ground Eight:** Consolidation of cases.

**Ground Nine:** Perjured testimony.

**Ground Ten:** Trial judge erred on charge to the jury on charge of "reasonable doubt."

**Ground Eleven:** Ineffective assistance of counsel.

**Ground Twelve:** Violation of the double jeopardy clause.

**Ground Thirteen:** *Batson* violation and equal protection.

**Ground Fourteen:** Enhanced sentence when gave lesser sentence, but wrote more on sentencing sheet.

On January 9, 2012, Respondent filed his Motion for Summary Judgment, along with a return and memorandum in support. [Mot. Summ. J., Doc. # 20–22.] Because Petitioner is proceeding *pro se*, the magistrate judge entered an order pursuant to *Roseboro v. Garrison*, 528 F.2d

309 (4th Cir. 1975), on January 11, 2012, advising Petitioner of the motion for summary judgment procedures and the possible consequences if he failed to adequately respond. Petitioner filed his Response in Opposition to the Summary Judgment Motion on January 27, 2012.

**Standard of Review**

The magistrate judge makes only a recommendation to the district court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) ("*[D]e novo* review [is] unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation."). The Court reviews only for clear error in the absence of a specific objection. *See Diamond v. Colonial Life & Accident Ins*. Co., 416 F.3d 310 (4th Cir.2005). Furthermore, in the absence of specific objections to the R&R, this Court is not required to give any explanation for adopting the recommendation. *See Diamond*, 416 F.3d at 315; *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

**Discussion**

The Court reiterates that it may only consider objections to the R&R that direct this Court to a specific error. *See* Fed. R. Civ. P. 72(b); *see United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). Much of the document Petitioner has styled as his "objections" makes virtually no reference to specific errors in the magistrate's R&R and merely restates arguments already presented to, and ruled upon by, the magistrate. [*See, e.g.,* Obj. Doc. # 31, at 1–12.]. *See also Weber v. Aiken-Partain*, No. 8:11–cv–02423, 2012 WL 489148, at *2 (D.S.C. Feb. 15, 2012) (noting that objections that merely rehash arguments raised before, and addressed by, the magistrate are insufficient to direct the court to a specific error in the magistrate's proposed findings and recommendations); *Harrison v. Brown*, No. 3:10–cv–2642, 2012 WL 243212, at *1 (D.S.C. Jan. 24, 2012) (same); *Malik v. Sligh*, No. 2:11–cv–01064–RBH, 2011 WL 6817750, at *2 (D.S.C. Dec. 28, 2011) (same).

Nonetheless, out of an abundance of caution, the Court will consider the supposed objections lodged by Petitioner, which briefly take issue with the magistrate's findings on the first twelve of his fourteen grounds for relief.[3]

Plaintiff objects to the magistrate's holding denying Ground One on the basis that "the law and Constitution support my arguments," and that he "trusted . . . trial counsel with this duty." [Obj., Doc. # 31, at 1.] Insofar as this can be read as an objection to the magistrate's holding that it was reasonable for the PCR court to find that there was no conflict of interest where Petitioner's defense counsel was a prosecutor at the time of Petitioner's arrest, it fails. As the magistrate noted,

---

[3] Petitioner does not object to the magistrate's holding regarding Grounds Thirteen and Fourteen of his § 2254 Petition. In light of Petitioner's concession and having found no clear error by the magistrate, the Court adopts the magistrate's R&R with regard to these issues.

5

"assuming a conflict existed, Petitioner has not shown that the alleged conflict adversely affected his attorney's performance." [R&R, Doc. # 29, at 14–15 (citing *Rubin v. Gee*, 292 F.3d 396, 401 (4th Cir. 2002) ("Adverse effect cannot be presumed from the mere existence of a conflict of interest.") (citing *Mickens v. Taylor*, 535 U.S. 162, 171-72 (2002))).] Further, Petitioner's argument that he did not waive this conflict, based upon is assertion that "waiver has to be on the record," also fails. [*See* Obj., Doc. # 31, at 1.] Petitioner cites no authority for this proposition, and Fourth Circuit authority imposes no on-the-record requirement upon these types of waivers. *United States v. Akinseye*, 802 F.2d 740, 744–45 (4th Cir. 1986) ("A defendant may waive his right to conflict-free representation, provided that the waiver is knowing, intelligent, and voluntary.").

Plaintiff argues in his objection to Ground Two, as he did before the magistrate, that the trial judge committed fraud by sequestering witnesses in the jury room. [Obj., Doc. # 31, at 1–2.] Although the magistrate, relying on the PCR court, held that this was merely a misstatement, Petitioner argues that it happened several times. [*Id.*] However, Petitioner has made absolutely no showing that such a statement occurred more than once, and a review of the record does not reveal multiple occurrences. Further, relying on the testimony of trial counsel and the affidavit of the judge, the PCR court specifically found that the State's witness was not sequestered with the jury panel. As the magistrate noted, this factual finding is entitled to deference and Petitioner offered no evidence to the contrary. [*See* R&R, Doc. # 29, at 17–18 (citing relevant authority).] *See also* 28 U.S.C. § 2254(e)(1) ("[A] determination of a factual issue made by a State court shall be presumed to be correct."); *Wilson v. Ozmint*, 352 F.3d 847, 858 (4th Cir. 2003) ( holding that a PCR court's factual determinations "are presumed to be correct absent clear and convincing evidence to the contrary, and a decision adjudicated on the merits and based on a factual determination will not be

6

overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state court proceeding.").

Regarding Ground Three, Petitioner's objection states again that his state-court indictments were defective. [Obj., Doc. # 31, at 2–3.] As the magistrate explained, "[v]ariances and other deficiencies in state court indictments are not ordinarily a basis of federal habeas corpus relief unless the deficiency makes the trial so egregiously unfair as to amount to a deprivation of the defendant's right to due process." [R&R, Doc. # 29, at 18 (quoting *Ashford v. Edwards*, 780 F.2d 405, 407 (4th Cir. 1985)).] Petitioner's mere contention that "basic liberty [is] in doubt" and that "many indictments were manufactured" is simply not enough to show deprivation of due process, especially in light of the magistrate's accurate finding, to which Petitioner did not object, that the indictments were sufficient to inform Petitioner of the charges against him. [R&R, Doc. # 29, at 18–19.]

In Ground Four, Petitioner argues that the State's expert presented false testimony by way of using "terms not recognized in the medical field, and mak[ing] up terms with no literature to support her finding." [*See* Mot. To Amend PCR, Doc. # 22-1, at 1.] The magistrate held that the claim was procedurally barred, in part, because the PCR court did not rule on the issue and Petitioner did not file a motion under South Carolina Rule of Civil Procedure 59(e). [R&R, Doc. # 29, at 19–20.] In his objection, Petitioner again argues that the expert at issue used terms "that were not recognized" and that she had no evidence to support her findings. Further, Petitioner claims that his counsel was ineffective for failing to raise this issue at trial, and that the PCR judge is required to rule on all issues. [Obj., Doc. #31, at 3–4.]

As an initial matter, the Court notes that, to the extent the magistrate found procedural bar

on the basis of Petitioner's failure to file a motion under South Carolina Rule 59(e), this holding appears to be in error. In *Marlar v. Warden, Tyger River Corr. Inst.*, 432 Fed. App'x 182, 186–87 (4th Cir. 2011) and *Bostick v. Stevenson*, 589 F.3d 160, 164 (4th Cir. 2009), the Fourth Circuit addressed whether the failure to file a Rule 59(e) motion in a South Carolina PCR proceeding precluded any consideration of habeas corpus relief in a federal court. The Fourth Circuit "answered this question in the negative . . . , holding that the failure to file such a motion was not a procedural bar because 'Rule 59(e) was not consistently applied by the South Carolina courts' at the time of [the petitioner's] PCR proceedings . . . ." *Marlar*, 432 Fed. App'x at 186 (quoting *Bostick*, 589 F.3d at 164). The Fourth Circuit held that South Carolina courts did not consistently apply Rule 59(e) until at least November 2007. *See Marlar*, 432 Fed. App'x at 186; *Bostick*, 589 F.3d at 165.

In the case at bar, the order of dismissal from the PCR court was signed in July 2007. [*See* PCR Order of Dismissal, Doc. # 22-11, at 66.] Because South Carolina did not consistently apply Rule 59(e) in July 2007, the failure of Petitioner to file a motion under this rule cannot constitute a procedural bar in this case. The Court therefore modifies the R&R to correct this point. This finding, however, does not end the Court's inquiry into whether Petitioner was procedurally barred. As Petitioner makes clear in his objections, there is no dispute that Petitioner's trial counsel failed to object to the testimony of the state expert. [*See* Obj., Doc. #31, at 3.] By failing to object at trial to the State's expert, Petitioner waived the right to have this issue reviewed in *either* his PCR hearing or his current habeas action. *See Wainwright v. Sykes*, 433 U.S. 72, 87 (1977) (holding that a failure to preserve and issue under state law results in procedural bar on habeas review); *State v. Johnson*, 363 S.C. 53, 58–59, 609 S.E.2d 520, 523 (2005) (noting that, in order to properly preserve an issue for later review under South Carolina law, there must be a contemporaneous objection that

is ruled upon by the trial court, and if a party fails to properly object, he is procedurally barred from later raising the issue).

To the extent Petitioner, through his objections, is attempting to allege that his counsel was ineffective for failing to object, this claim is subsumed within Ground Eleven of the § 2254 Petition, which claims that trial counsel was ineffective. Further, the PCR court specifically addressed whether counsel was ineffective for failing to object to the expert's testimony, holding that any objection was unnecessary as trial counsel called a rebuttal expert witness to dispute the testimony of the state's expert. [*See* PCR Order of Dismissal, Doc. # 22-11, at 64.] The PCR court's finding on this point, which is entitled to deference, is supported by the record, reasonable, and – save a conclusory statement – uncontroverted by Petitioner. *See* 28 U.S.C. § 2254(e)(1); *Wilson*, 352 F.3d at 858. Also for these reasons, if Petitioner is attempting to argue that trial counsel's ineffectiveness in objecting to the State's expert constitutes cause for his procedural default in raising Ground Four at trial, Petitioner fails to show such cause as trial counsel was not ineffective. *See Strickler v. Greene*, 527 U.S. 263, 283 (1999) (holding that a petitioner may establish cause for a procedural default *if he can demonstrate* ineffective assistance of counsel relating to the default).[4]

---

[4] Having found that Petitioner was procedurally barred and without cause, the Court should not consider the merits of the claim. *Kornahrens v. Evatt*, 66 F.3d 1350, 1359 (4th Cir. 1995). Nonetheless, out of an abundance of caution, the Court notes that even if the issue in Ground Four was not procedurally barred, it would be without merit. A state "denies a defendant due process by knowingly offering or failing to correct false testimony." *Basden v. Lee*, 290 F.3d 602, 614 (4th Cir. 2002) (citing *Napue v. Illinois*, 360 U.S. 264, 269, 79 (1959)). A claim along these lines requires a showing of the falsity and materiality of testimony. *Id*. At the PCR evidentiary hearing, Petitioner's trial counsel testified that he did not view the State's expert's testimony as being false; instead, "[i]t was really, if you will, a difference of opinion between the two experts." [Trial Counsel Dep., Doc. # 22-11, at 40.] Further, defense counsel crossed the State's expert on her findings, and presented the testimony of his own expert who refuted the testimony of the State's expert. [*See* PCR Order of Dismissal, Doc. # 22-11, at 64.] Petitioner has presented no other evidence that the testimony presented by the State was false. Based on the record, Petitioner cannot show that

9

Petitioner's objection related to Ground Five also fails. Petitioner argues that counsel did not object to supposedly prejudicial comments by the prosecutor, and that the PCR judge should have addressed the issue. [Obj., Doc. # 31, at 4–5.] However, Petitioner does not object to the magistrate's finding that the issue in Ground Five is procedurally barred. [R&R, Doc. # 29, at 22.] The Court finds no clear error in the magistrate's finding. Further, the magistrate conducted an extensive analysis in determining that Ground Five failed on its substantive merits. [*See* R&R, Doc. # 29, at 21–25; *see also* PCR Order of Dismissal, Doc. # 22-11, at 64.] Petitioner also fails to object to the magistrate's findings beyond stating that the prosecution made several improper remarks. [Obj., Doc. # 31, at 5.] Assuming this is enough to state a specific objection, the Court has reviewed the record *de novo* and agrees that, for the reasons discussed by the magistrate, Respondent is entitled to summary judgment on Ground Five.

In his objection to the magistrate's denial of Ground Six, Petitioner contends the trial judge abused his discretion by not granting a directed verdict. [Obj., Doc. # 31, at 5–6.] His primary support for this objection is that the PCR judge should have addressed this issue[5] and he should be permitted to raise it here. [*Id*.] This objection is without merit. The magistrate judge addressed the issues raised in Ground Six on the merits, and Petitioner does not object to the magistrate's discussion of the merits. This Court agrees with the magistrate that, in light of the testimony presented at Petitioner's trial, a jury could have found proof of guilt beyond a reasonable doubt.

---

the testimony of the State's expert regarding certain medical terms was false.

[5] As to Petitioner's supposition that the PCR judge should have addressed the claim, the PCR court's order held that Petitioner failed to present evidence regarding his remaining allegations. [PCR Order of Dismissal, Doc. # 22-11, at 65.] Further, regardless of the sufficiency of the PCR court's discussion, the magistrate analyzed Ground Six on the merits and provided Petitioner the federal review he seeks.

There was testimony that one of Petitioner's victims "was less than eleven years of age and that Petitioner placed a finger inside the victim's 'private part.' There was also testimony that Petitioner touched her private part on more than one occasion. In addition, the second victim testified that she was nine years old at the time Petitioner used his finger to touch her 'private part.' In light of this evidence, Petitioner is not entitled to federal habeas relief on this ground." [R&R, Doc. # 29, at 25–27.]

Petitioner makes a near-identical objection regarding Ground Seven when he argues that the trial judge erred in not admitting medical records and that the federal courts should discuss this issue. [Obj., Doc. # 31, at 6–7.] Again, the magistrate addressed the merits of this issue, and Petitioner does not object to the magistrate's discussion of the merits. The magistrate correctly held that Petitioner never identified any constitutional right at issue in the trial judge's ruling. [R&R, Doc. # 29, at 27–28.]

Petitioner objects to the magistrate's holding that his claim in Ground Eight – that the judge erred by combining two trials into one – is not cognizable under habeas review. [Obj., Doc. # 31, at 7.] Petitioner appears to argue that consolidation violated his Fifth Amendment right to a fair trial because the jury heard from multiple victims and the charges were not related in kind. "Improper joinder does not, in itself, violate the Constitution. Rather, misjoinder would rise to the level of a constitutional violation only if it results in prejudice so great as to deny a defendant his Fifth Amendment right to a fair trial." *United States v. Lane*, 474 U.S. 438, 446 n.8 (1986). Here, as the magistrate noted, Petitioner has pointed out no actual prejudice from the trial court's granting the State's motion to consolidate. Further, when the joined offenses have a logical relationship to one another, joinder is proper and does not result in a constitutional violation. *United States v. Campbell*,

347 Fed. App'x 923, 926–27 (4th Cir. 2009). Here, as the trial judge noted, the cases involved allegations of sexual abuse that were of "the same general nature" and "closely related in time, place and character." [*See* Mot. Hearing Tr., Doc. # 22-1, at 64.] This objection is overruled.

As to Ground Nine, where Petitioner argues that the trial judge allowed the use of perjured testimony, the magistrate held that Petitioner's conclusory allegations of perjury were insufficient to warrant habeas relief. [R&R, Doc. # 29, at 30.] Petitioner argues in his objection that the accounts of the witnesses who supposedly offered perjured testimony "changed several times," and that the PCR court should not have addressed the witnesses "as a whole." [Obj., Doc. # 31, at 8.] Even in light of this objection, Petitioner still fails to show that any testimony was perjured, and, as a result, he also fails to show that the prosecution knowingly used any perjured testimony. *See United States v. Griley*, 814 F.2d 967, 971 (4th Cir. 1987) ("Mere inconsistencies in testimony by government witnesses does not establish the government's knowing use of false testimony.").

Petitioner contends the magistrate erred in determining that, for purposes of Ground Ten, the jury instructions on reasonable doubt correctly conveyed the concept to the jury. [Obj., Doc. # 31, at 9.] In his objection, Petitioner claims, as he did before the magistrate, that the trial judge erred by stating that "the law does not require doubt." [*Id.*] Petitioner's argument is without support. As the magistrate explained, the trial court judge's instruction that "in criminal cases, the law does not require proof that overcomes every possible doubt," is in keeping with Supreme Court precedence upholding jury charges which explain that reasonable doubt is "not a mere possible doubt." [R&R, Doc. # 29, at 31–32 (citing *Victor v. Nebraska*, 511 U.S. 1 (1994)).]

Petitioner objects to the magistrate's holding that Respondent is entitled to summary judgment on Petitioner's claims of ineffective assistance of counsel contained in Ground Eleven.

12

[Obj., Doc. # 31, at 9–11.] The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. *McMann v. Richardson*, 397 U.S. 759, 771 (1970). In *Strickland v. Washington*, 466 U.S. 668, 687 (1984)., the Supreme Court held that to establish ineffective assistance of counsel, a petitioner must show deficient performance and resulting prejudice. Counsel renders ineffective assistance when his performance "[falls] below an objective standard of reasonableness," but there is a "strong presumption" that counsel's performance was professionally reasonable. *Id.* at 688-89. Prejudice requires a showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

Although the magistrate addressed each of Petitioner's various allegations of ineffective assistance of counsel, Petitioner's objection focuses only upon a supposed conflict of interest: Petitioner claims that trial counsel was aware of a conflict prior to the start of trial, yet failed to address it before the trial judge. [Obj. Doc. # 31, at 9–10.] Specifically, Plaintiff is again claiming, as he did in Ground One, that defense counsel had a conflict of interest because he was a former prosecutor, and Petitioner alleges that as a prosecutor, counsel "denied [Petitioner's] bond." [*Id*. at 10.] However, as the magistrate noted regarding Ground One, "assuming a conflict existed, Petitioner has not shown that the alleged conflict adversely affected his attorney's performance." [R&R, Doc. # 29, at 14–15 (citing *Rubin v. Gee*, 292 F.3d 396, 401 (4th Cir. 2002) ("Adverse effect cannot be presumed from the mere existence of a conflict of interest.") (citing *Mickens v. Taylor*, 535 U.S. 162, 171-72 (2002))).] Moreover, the PCR judge found Petitioner waived any potential conflict and also found credible the testimony that defense counsel had informed Petitioner of his

prior experience as a prosecutor and that Petitioner informed him that he did not want new counsel. [*See* PCR Order of Dismissal, Doc. # 22-11, at 61.] The PCR judge further found Petitioner's testimony not credible, and held that trial counsel rendered effective assistance pursuant to *Strickland.* [*Id.* at 62, 65.] Petitioner's objection is overruled. The United States Supreme Court has emphasized that, while surmounting *Strickland's* high bar is never an easy task, establishing that a state court's application of *Strickland* was unreasonable under § 2254 "is all the more difficult." *Harrington v. Richter*, 131 S.Ct. 770, 788 (2011). "The standards created by *Strickland* and § 2254[] are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Id.*

Petitioner does not specifically address the magistrate's remaining holdings regarding his additional grounds for ineffective assistance of counsel, other than a general statement that "trial counsel should have objected, raised those issues." [Obj. Doc. # 31, at 11.] Petitioner offers absolutely no argument or discussion on these issues. To the extent this statement triggers *de novo* review, the Court finds that, absent the procedural bar issues discussed below, the magistrate correctly addressed the merits of these allegations.

As she did in reference to Ground Four, the magistrate held that three of the instances in which Petitioner alleged ineffective assistance of counsel were procedurally barred due to Petitioner's failure to file a motion to reconsider pursuant to South Carolina Rule of Civil Procedure 59(e). As the Court has already discussed, because South Carolina did not consistently apply Rule 59(e) during the time of Petitioner PCR proceeding, the failure of Petitioner to file a motion under this rule cannot constitute a procedural bar in this case. However, while the Court modifies the R&R to correct the procedural bar discussion in Ground Eleven, the Court nonetheless agrees that summary judgment should be granted to Respondent on the three claims in which the magistrate

erroneously invoked procedural bar.

In two of the claims the magistrate found to be procedurally barred, the magistrate also held the claims failed on their merits. [R&R, Doc. # 29, at 33–34.] The Court agrees.

First, Petitioner argues that his counsel was ineffective for failing to argue that there was insufficient evidence to prove the elements of the offenses. [*See* Resp., Doc. # 1-3, at 43.] However, as the magistrate noted and this Court has discussed, trial counsel did move for a directed verdict, and that motion was denied. Petitioner's allegation is fatal on its face. Additionally, PCR court found, and this Court agrees, that in light of the testimony presented at Petitioner's trial, a jury could have found proof of guilt beyond a reasonable doubt. [*See also* R&R, Doc. # 29, at 25–27.] Even if trial counsel had somehow been unreasonable in how he objected to the evidence, there is no reasonable probability that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

Second, Petitioner claims that his trial counsel was ineffective for failing to object to perjured testimony, or, in the alternative, to impeach victims with their prior statements. [*See* Resp., Doc. # 1-3, at 44–45.] For reasons already addressed by this Court, Petitioner has failed to show that any testimony was perjured or that the prosecution knowingly used any perjured testimony. [*See also* R&R, Doc. # 29, at 30.] Petitioner's alternative argument also fails because the record shows that trial counsel did cross-examine the victims regarding their prior statements. [*See, e.g.*, Trial Tr., Doc. # 22-3, at 1–25, 51– 61.] Even construed in a light most favorable to Petitioner, the record simply fails to show that trial counsel was ineffective or that but for his alleged ineffectiveness, the outcome of Petitioner's trial would have been different. *See Moss v. Hofbauer*, 286 F.3d 851, 864-65 (6th Cir. 2002) (holding that speculation as to possible lines of cross-examination is insufficient for

ineffective assistance of counsel where no evidence was presented on how witness would have testified had the cross-examination been pursued).

As to Petitioner's allegation that counsel was ineffective for failing to request a jury instruction on a lesser included offense, the magistrate simply held that Petitioner was procedurally barred. [R&R, Doc. #29, at 34; Resp., Doc. # 1-3, at 43–44.] Although this claim was not procedurally barred, the Court finds that summary judgment should be granted to Respondent on the merits. [*See* Mot. Summ. J., Doc. # 20, at 62–63 (arguing for summary judgment on this claim based upon the merits).] In reviewing the record in a light most favorable to Petitioner, Petitioner has not shown deficient performance of trial counsel in failing to request a jury charge for a lesser-included offense.

Petitioner argues that trial counsel should have requested an instruction on a lesser-included offense,[6] specifically an instruction on assault and battery.[*See* § 2254 Petition, Doc. # 1-3, at 43–44.] Other than claiming that the evidence supported such an inclusion, Petitioner offers no support whatsoever for his proposition.

Under South Carolina law, assault and battery of a high and aggravated nature ("ABHAN") is a lesser included offense of first degree criminal sexual conduct. *State v. Primus*, 349 S.C. 576,

---

[6] In his response to Respondent's Motion for Summary Judgment, Petitioner claims he was entitled to a lesser-included offense instruction because both victims alleged the same conduct, but he was only indicted for first degree criminal sexual conduct with regard to one of the victims. However, the record is clear that the State argued that the criminal sexual conduct charge relating to the first victim was of a more aggravated nature than that relating to the second victim. [*See* Mot. Hearing Tr., Doc. # 22-1, at 63–65.] *See also State v. Norton*, 286 S.C. 95, 97, 332 S.E.2d 531, 532-33 (1985) (holding that committing a lewd act upon a minor is not a lesser included offense of first degree criminal sexual conduct). Petitioner fails to show how his different charges, as they related to the respective victims, required a lesser-included offense jury instruction, or what objection his trial counsel could have made in that regard. The Court rejects Petitioner's argument.

581, 564 S.E.2d 103, 106 (2002). However, for a defendant to be entitled to a jury instruction on a lesser-included offense, there must be some evidence in the record that would tend to show that the defendant is guilty of the lesser rather than the greater offense. *State v. Fields*, 356 S.C. 517, 522–23, 589 S.E.2d 792, 795 (Ct. App. 2003); *State v. Funchess*, 267 S.C. 427, 429, 229 S.E.2d 331, 332 (1976). The possibility that the jury might believe some of the State's case and not the rest is an insufficient argument for a lesser-included offense instruction. *Funchess*, 267 S.C. at 430, 229 S.E.2d at 332. Where a defendant's defense is that he did not participate in the crimes at all, a lesser-included offense instruction would not be warranted. *See Moultrie v. State*, 354 S.C. 646, 647, 583 S.E.2d 436, 437 (2003).

Here, the record shows that Petitioner was not entitled to a lesser included offense. It is clear from the record that, at trial, Petitioner argued that he never committed the acts in question. [*See* Trial Tr., Doc. # 22-5, at 23–24, Doc. # 22-8, at 77–79, Doc. # 22-9, at 5–6, 53–56 .] In cases where defendants have been charged with criminal sexual conduct with a minor and committing a lewd act upon a child, the South Carolina Supreme Court has held that a jury charge of a lesser included offense, such as ABHAN, is not required when the defendant argues he never committed the underlying sexual offenses. *See Moultrie*, 354 S.C. at 647, 583 S.E.2d at 437 (2003) ("Under the evidence presented, respondent was guilty of a sexual battery or no battery at all."); *State v. Forbes*, 296 S.C. 344, 345, 372 S.E.2d 591, 592 (1988) ("Here the evidence shows appellant committed a sexual battery . . . or no battery at all.").

Given that South Carolina law would not entitle Petitioner to a jury charge on a lesser included offense, it logically follows that trial counsel's performance did not fall "below an objective standard of reasonableness" and that Petitioner was not prejudiced as a result of counsel's

17

performance. *Strickland*, 466 U.S. at 687, 194. This is especially so in light of the "strong presumption" that counsel's performance was professionally reasonable. *Id.* at 688-89.[7] Respondent is entitled to summary judgment on this issue.

In his final objection, regarding Ground Twelve, Petitioner takes issue with the magistrate's finding that Petitioner's convictions under separate indictments did not constitute double jeopardy. [Obj., Doc. # 31, at 11–12.] With regard to one of the victims in the underlying case, Petitioner was found guilty of two offenses: first degree criminal sexual conduct with a minor and committing or attempting a lewd act upon a child. Petitioner appears to argue that there was only one incident at issue, that only one crime was proven, and that the lewd act violation was a lesser included offense of criminal sexual conduct. [*Id.*] For reasons explained more fully by the magistrate, Petitioner's objection is without merit. [R&R, Doc. # 29, at 37–38.] Specifically, Petitioner's actions constituted a violation of two distinct statutory provisions and, pursuant to South Carolina law, "the offense of committing a lewd act upon a minor is not a lesser included offense of first degree criminal sexual conduct on a minor." [*Id.* (citing federal and state authority).]

## Certificate of Appealability

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief

---

[7] As an additional reason for granting summary judgment on this issue, there appears to have been no testimony indicating that Petitioner assaulted either victim in a non-sexual way. Thus, there would have been no evidence to support a lesser included offense. *See Fields*, 356 S.C. at 522–23, 589 S.E.2d at 795; *Funchess*, 267 S.C. at 429, 229 S.E.2d at 332.

on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85. In the instant matter, the Court concludes that Petitioner fails to make the requisite showing of "the denial of a constitutional right."

## **Conclusion**

The Court has thoroughly analyzed the entire record, including the R&R, objections to the R&R, and the applicable law. The Court has further conducted the required review of all of Petitioner's objections and finds them without merit. Habeas corpus relief is not appropriate in this case as the underlying state adjudication did not result in a decision that was contrary to clearly established federal law, and did not result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the state court proceeding. *See* 28 U.S.C. § 2254(d)(1)(2). For the reasons stated above and by the magistrate judge, the Court hereby overrules all of Petitioner's objections and adopts the magistrate judge's R&R *as modified herein*.

**IT IS THEREFORE ORDERED** that Respondent's Motion for Summary Judgment [Doc. # 21] is **GRANTED** and the § 2254 Petition is hereby **DISMISSED** *with prejudice*.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because the Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge

Florence, South Carolina  
September 17, 2012